Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protest was therefore overruled.

No. 56688.—International Expediters, Inc. v. United States, protest 178162–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protest was therefore overruled.

No. 56689.—A. Judson Murray & Co. v. United States, protest 178579–K (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

No. 56690.—Doulton & Co., Inc. v. United States, protests 179624–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 56691.—International Smelting and Refining Co. v. United States, protests 180137–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

MAY 12, 1952

No. 56692.—SUIT 4671.—Gimbel Bros., Inc. v. United States.—C. D. 1293 affirmed March 18, 1952. C. A. D. 483.

No. 56693.—SUIT 4682.—United States v. Malhame & Co. et al.—Reap. Dec. 7965 affirmed November 7, 1951. C. A. D. 472.

BEFORE THE FIRST DIVISION, MAY 20, 1952

No. 56694.—The Great A & P Tea Company v. United States, protest 180440–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of cellophane sheets similar in all material respects to those

the subject of *Coughlin Mfg. Co.* v. *United States* (27 Cust. Ct. 40, C. D. 1345) and *Gillette Safety Razor Co.* v. *United States* (27 Cust. Ct. 44, C. D. 1346), the claim of the plaintiff was sustained.

**No. 56695.**—National Biscuit Co. and Gaillet & Hartig Co., Inc. v. United States, protests 180555–K and 179723–K (New York).

Opinion by OLIVER, C. J.    In accordance with stipulation of counsel that the merchandise consists of cellophane sheets similar in all material respects to those the subject of *Coughlin Mfg. Co.* v. *United States* (27 Cust. Ct. 40, C. D. 1345) and *Gillette Safety Razor Co.* v. *United States* (27 Cust. Ct. 44, C. D. 1346), the claim of the plaintiffs was sustained.

**No. 56696.**—Bleyco Paper Corp. v. United States, protest 181510–K (New York).

Opinion by OLIVER, C. J.    In accordance with stipulation of counsel that the merchandise consists of cellophane sheets similar in all material respects to those the subject of *Coughlin Mfg. Co.* v. *United States* (27 Cust. Ct. 40, C. D. 1345) and *Gillette Safety Razor Co.* v. *United States* (27 Cust. Ct. 44, C. D. 1346), the claim of the plaintiff was sustained.

**No. 56697.**—E. Lembeck & Bros. v. United States, protest 179132–K (New York).

Opinion by OLIVER, C. J.    In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 56698.**—Chas. H. Demarest, Inc. v. United States, protest 156620–K (New York).

MOLLISON, Judge:    The merchandise the subject of this protest is described on the invoice as "Dyed Darker Green Special Bamboo Flower Sticks" and was assessed with duty by the collector at the rate of 45 per centum ad valorem under the provision in paragraph 409 of the Tariff Act of 1930 for—

\* \* \* all articles not specially provided for, wholly or partly manufactured of \* \* \* bamboo \* \* \*.

The protest claim is for duty at the rate of 1¼ cents per pound under the provision in paragraph 409 of the same act for "split bamboo," and by timely amendment of the protest claims were added for duty at the rate of five-eighths of 1 cent per pound under the same provision, as modified by the Presidential